IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TUNKARA YAHYA,

    Petitioner,

v.

ATTORNEY GENERAL, *et. al*,

    Respondents.

Case No. 2:17-cv-1021; 17-cv-1073
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a citizen of Gambia, has filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from the custody of Immigration and Customs Enforcement ("ICE"). This matter is before the Court on the Petition, Respondent's Motion to Dismiss and Return in Opposition, Petitioner's Response and Supplemental Memorandum Opposing the Motion to Dismiss and Return in Opposition, and Respondent's Supplemental Memorandum Supporting the Motion to Dismiss and Return in Opposition. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** and that Petitioner's Motion for an Immediate Stay of Removal (ECF No. 2) be **DENIED**.

**Facts and Procedural History**

Petitioner is a citizen of Gambia. Petitioner indicates that he has been in the custody of United States Immigration and Customs Enforcement ("ICE") since on August 27, 2016, where he has remained since that time. On March 24, 2017, Petitioner was ordered to be removed from the United States to Gambia. (Petition, ECF No. 1, PAGEID # 3; ECF No. 7-3, PAGEID # 43.)

Petitioner did not appeal the order of removal.  He asserts that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Martinez*, 543 U.S. 371 (2005), because there is no significant likelihood of his removal from the United States in the reasonably foreseeable future.  It is the position of the Respondent that this action should be dismissed.

In response, Respondent has submitted the Declaration of deportation officer Kenneth Williams, indicating that Petitioner has been in the custody of ICE since August 31, 2016, when he entered the United States without proper documentation to permit lawful entry.  (ECF No. 7-1, PAGEID # 38-39.)  On March 24, 2017, the Immigration Court issued Petitioner's Order of removal.  (ECF No. 7-3, PAGEID # 43.)  On April 10, 2017, federal officials submitted a travel document request to the Gambian embassy.  (ECF No. 7-1, PAGEID # 39.)  On July 11, 2017, Petitioner advised the Gambian embassy that he was born in Sierra Leone.  (*Id.*)  This information contradicts Petitioner's August 29, 2016 sworn statement to the Department of Homeland Security indicating that he was born in Allunharen, Gambia.   (ECF No. 7-4, PAGEID # 46.)  ICE, however, provided information regarding Petitioner's Gambian passport, including the passport number and expiration date, to the Gambian embassy for issuance of travel documents.  (ECF No. 7-1, PAGEID # 39.)

Respondent also has submitted the Declaration of deportation officer Timothy Hinman, indicating that, on May 16, 2018, Gambia issued Petitioner emergency travel documents for his removal from the United States.  (ECF No. 14-1, PAGEID # 76.)  A copy of the Emergency Travel Document is also attached.  (PAGEID # 78.)  According to Hinman, Petitioner's removal travel is currently being arranged, and it is significantly likely that he will be removed from the United States in the reasonably foreseeable future.  (ECF No. 14-1, PAGEID # 76.)

**Law**

Pursuant to 28 U.S.C. § 2241(a) a writ "of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "Section 2241 affirmatively grants federal courts the power to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). The United States Supreme Court has affirmed the jurisdiction of courts to consider habeas claims arising out of immigration detention. *See Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas*, 533 U.S. at 688). "Despite statutory restriction of court review regarding many immigration matters, a petition for writ of habeas corpus under section 2241 is appropriate for raising statutory and constitutional challenges to post-removal detention by the ICE." *Estenor v. Holder*, No. 1:11-cv-743, 2011 WL 5572596, at *2 (W.D. Mich. Oct. 24, 2011) (citing *Zadvydas*, 533 U.S. at 688; *Ly*, 351 F.3d at 266). *See also Jiang Lu v. U.S. ICE*, 22 F.Supp.3d 839, 841 (N.D. Ohio 2014) ("Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal." (citing *Demore v. Kim*, 538 U.S. 510, 517–18 (2003))).

Once an order of removal becomes administratively final, the Attorney General "shall detain" and remove the alien within ninety days. *Mulla v. Adducci*, 178 F.Supp.3d 573, 575 (E.D. Mich. 2016) (citing 8 U.S.C. § 1231(a)(1)(A), (a)(2)). However, the government may detain an inadmissible or criminal alien beyond the ninety-day statutory removal period. *See id*; 8 U.S.C. § 1231(a)(6); *Jiang Lu*, 22 F.Supp.3d at 841. In *Zadvydas,* the Supreme Court interpreted this provision to authorize the continued detention of the alien only as long as "reasonably necessary" to effectuate the alien's removal. *Jiang Lu*, 22 F.Supp.3d at 842 (citing

*Zadvydas*, 533 U.S. at 689, 699; *Clark*, 543 U.S. at 373). The detention of an alien subject to removal due to a criminal conviction will be presumptively reasonable for up to six months. *Mulla*, 178 F.Supp.3d at 576 (citing *Zadvydas*, 533 U.S. at 701). "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. "[T]he Supreme Court has clarified that the *Zadvydas* due process analysis applies only if a danger of indefinite detention exists and there is no significant likelihood of removal in the reasonably foreseeable future." *Jian Lu,* 22 F.Sup.3d at 843 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). "Merely alleging that a date for travel has not yet been set, is insufficient to demonstrate indefinite detention." *Id*. Further, "courts have uniformly refused to find a constitutional violation and/or have concluded that the removal period is tolled or suspended by an alien's refusal to cooperate or conduct which prevents or thwarts his removal from the United States. *See Mohamed v. U.S. Attorney Gen.*, No. 1:17-cv-573, 2018 WL 1904293, at *4 (S.D. Ohio Mar. 8, 2018) (citations omitted). In *Clark v. Martinez*, 543 U.S. 371 (2005), *Zadvydas* was extended to apply to inadmissible aliens. *See Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at *2 (E.D. Mich. July 20, 2011).

Applied here, Petitioner has failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, such that his continued detention violates the Constitution or laws of the United States. Moreover, the information Respondent submitted to the Court reflects that Petitioner's removal is significantly likely to occur in the immediate and foreseeable future. In particular, the United

4

States has obtained Petitioner's emergency travel document from Gambia for the purpose of Petitioner's removal from the United States, and the record reflects that petitioner's removal travel is currently being arranged. The undersigned therefore concludes that Plaintiff has not demonstrated his entitlement to habeas corpus relief under 28 U.S.C. § 2241 and therefore **RECOMMENDS** that this action be **DISMISSED**.

Respondent asserts that the Court should dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure as moot because there remains no relief available to the Petitioner short of his escort onto a plane. (*See* Supp. Mem. Supporting Mot. to Dismiss, ECF No. 14, PAGEID # 74.) A § 2241 petition is subject to dismissal for lack of subject matter jurisdiction as moot, where a habeas petitioner who challenges his continued allegedly illegal detention under *Zadvydas* is deported during the pendency of proceedings, because there no longer exists an actual case or controversy under Article III, § 2 of the Constitution. *See Conteh v. United States Attorney Gen.*, No. 2:17-cv-0958, 2018 WL 1587452, at *1-2 (S.D. Ohio Apr. 2, 2018) (citing *Zundel v. Berrong*, 106 F. App'x 331, 334-35 (6th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. at 7) (other citations omitted). Here, however, the record does not reflect that Petitioner has been removed from the United States. To the contrary, as of June 14, 2018, Petitioner complained that he remained illegally incarcerated at the Morrow County Jail. (ECF No. 16.) The undersigned acknowledges, however, that this Court lacks the authority to stay deportation proceedings in the context of a habeas corpus petition. *See Adames v. Hinton*, No. 2:16-cv-00963, 2016 WL 7386348, at *3 (S.D. Ohio Dec. 21, 2016) (citing *Elcheikhali v. Holder*, No. 4:10-cv-2333, 2010 WL 4818390, at *2 (N.D. Ohio Nov. 22, 2010) (the REAL ID Act stripped this Court of its jurisdiction to issue such a stay, as well as the Petitioner's right to receive one from this Court) (citing 8 U.S.C. § 1252(a)(2)(C))). It is therefore

**RECOMMENDED** that Petitioner's Motion for an Immediate Stay of Removal (ECF No. 2) be **DENIED**.

**Recommended Disposition**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED** and that Petitioner's Motion for Motion for an Immediate Stay of Removal (ECF No. 2) be **DENIED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

>/s/ *Chelsey M. Vascura*___
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE